UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    NOT FOR PUBLICATION
GEORGE B. ERONINI,

                Plaintiff,

                                              MEMORANDUM & ORDER

            -against-

                                                09-CV-3601 (RJD)

ADMINISTRATION FOR CHILDREN'S
SERVICES, NEW YORK; LATONYA JOHNSON
(CASEWORKER); FRANKLIN TRINITY
(CASEWORKER'S SUPERVISOR); SAFE HORIZON
STATEN ISLAND, NEW YORK; DANIELLE BERGIN
(CASE MANAGER, 120 PRECINCT),

                Defendants.
-----------------------------------------------------------x
DEARIE, Chief Judge:

       Plaintiff George B. Eronini, brings this *pro se* action alleging that defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.

       For the reasons discussed below, (i) plaintiff's claim against the Administration for Children's Services is dismissed, and (ii) plaintiff is granted thirty leave to amend his complaint within thirty days to attempt to remedy the deficiencies in his Section 1983 claim identified below.

## BACKGROUND

       Plaintiff alleges that:

> Defendants, acting in concert and hierarchy, removed Plaintiff's children from home and placed them in their shelter program based solely on an unproven and non-adjudicated allegation of domestic violence from children's mother. Defendants then proceeded to arbitrarily establish findings of child abuse without due process of the law, and without affording Plaintiff the opportunity to respond, thereby acting as prosecutor, judge and jury. Defendants deprived Plaintiff of Plaintiff's parental rights by anonymously keeping Plaintiff's children away from Plaintiff for a period of more than six months without any visitation arrangement.

1

> Defendants further violated the Equal Protection clause by deciding the custody of Plaintiff's children without adjudication . . .

Cmplt. pp. 1-2.

Plaintiff seeks monetary damages and injunctive relief.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). Furthermore, "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## DISCUSSION

A. <u>The Administration for Children's Services as Defendant</u>

Plaintiff has named the Administration for Children's Services ("ACS") as a defendant. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and

not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. Claims against the City of New York's agencies are deemed to be claims against the City of New York, and it is well established that ACS cannot be sued directly. Porter v. City of New York, No. 03 CV 6463, 2007 WL 1791149, at *7 (E.D.N.Y. June 19, 2007); Johnson v. New York et al., No. 04 CV 1070, 2007 WL 764514, at *5 (E.D.N.Y. Mar. 9, 2007). Accordingly, plaintiff's claim against ACS is dismissed.

B. Plaintiff's Section 1983 Claims

To maintain an action pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527 (1981)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Here, plaintiff alleges that he was deprived of his liberty interest in the care and custody of his children when his children were removed from their home without plaintiff's consent or a court hearing. The Supreme Court has observed that "[t]he liberty interest . . . of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by this Court." Troxel v. Granville, 530 U.S. 57, 65 (2000). See also Kia P. v. McIntyre, 235 F.3d 749 (2d Cir. 2000) (the liberty interest of parent and child in continued care and companionship has both procedural as well as substantive elements); Tenenbaum v. Williams, 193 F.3d at 592, 599 (2d Cir. 1999). Generally, due process requires that a parent be afforded a hearing before being deprived of the custody of their children without their consent. Stanley v. Illinios, 405 U.S. 645, 649 (1972). In emergency circumstances, however, a child may

3

be taken into custody by the State without court authorization or parental consent. Nicholson v. Scoppetta, 344 F.3d 154, 171 (2d Cir. 2003); Cornejo v. Bell, Nos. 04 CV 341, 06 CV 2910, 2008 WL 5743934, at *7 (E.D.N.Y. May, 19 2008).

Here, plaintiff makes only the conclusory allegation that "establish[ed] findings of child abuse without due process of law," Cmplt. p.2, but he fails to allege any specific facts to support his claim that he was deprived of procedural or substantive due process. As pleaded, therefore, the complaint is insufficient to state a claim for deprivation of a constitutional right.

Plaintiff also alleges that the removal of his children from his custody violated the Equal Protection Clause of the Fourteenth Amendment. That Clause directs that similarly situated persons be treated alike. Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). To state a claim for an equal protection violation, a plaintiff must allege that a government actor intentionally discriminated against him on the basis of race, national origin or gender. Hayden v. County of Nassau, 180 F.3d 42, 48 (2d Cir. 1999). Here, plaintiff fails to allege the basis (i.e., race, gender or national origin) upon which he was allegedly discriminated.

C.  Leave to Amend

In light of plaintiff's *pro se* status, he will be granted leave to amend his complaint to attempt to remedy the deficiencies described above. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). More specifically, plaintiff's amended complaint must contain *specific facts* supporting his claim that the defendants violated his constitutional rights under one or both of the theories discussed above. Among other things, in the amended complaint plaintiff shall identify the specific factual basis upon which he believes the defendants violated the Equal Protection Clause; he shall also state whether any proceedings occurred in the state courts concerning the removal of his children. If any such proceedings occurred, plaintiff shall identify them with specificity and describe their

4

outcome. Plaintiff is also encouraged to attach to his amended pleading any documents that he has relating to those proceedings.

Plaintiff's amended complaint shall be captioned "Amended Complaint" and bear the same docket number as this Order, and must be submitted to the Court within thirty (30) days from the date of this Order.

## CONCLUSION

Plaintiff's claim against the Administration for Children's Services is dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted leave, for no longer than thirty (30) days from the date of this order, to amend his complaint as detailed above. All further proceedings shall be stayed during the thirty-day period. If plaintiff fails to file an amended pleading in accordance with this order, the case will be dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 24, 2009

                                    s/ Judge Raymond J. Dearie
                                    RAYMOND J. DEARIE
                                    United States District Judge