DEF ✓

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GEORGE ERONINI,

                Plaintiff,          **MEMORANDUM AND ORDER**

-against-                                09 CV 3601 (RJD) (LB)

CITY OF NEW YORK,

                Defendant.
------------------------------------------------------------x
DEARIE, Chief Judge.

      Plaintiff George Eronini, *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the City of New York, claiming that its "agencies, acting in concert and hierarchy, removed Plaintiff's children from home and placed them in their shelter program based solely on an unproven and non-adjudicated allegation of domestic violence from children's vengeance seeking mother," in violation of his Fourteenth Amendment due process and equal protection rights. (Amended Compl. at ¶ 16.) Defendant moves to dismiss. For the reasons set forth below and in defendant's brief, the motion is granted.

## Background

      On November 16, 2008, Ms. Odetha Sutherland called the police when a disagreement with plaintiff over one of their three children erupted into a physical altercation. (Amended Compl. at ¶ 4-8.) Plaintiff was taken into custody overnight. (Id. at ¶ 8.) The next day, plaintiff moved out of the house, and was aware that Ms. Sutherland had obtained an order of protection against him, but he continued to go

there daily to drive the children to school. (Id. at ¶ 8-9.) A week after the incident, however, "Ms. Sutherland had abandoned the home and left with all three children." (Id. at ¶ 9.) According to the Family Offense Petition she filed that spring, Ms. Sutherland had moved into a domestic violence shelter with her children. (Id. at ¶ 9 & Ex. C.)

Plaintiff was notified by letter dated December 1, 2008, that the New York State Child Abuse and Maltreatment Register received a report of suspected child abuse on November 24, 2008, and that an investigation by the Richmond County Child Protective Service would be completed within 60 days. (Id. at ¶ 12 & Ex. B.) The letter explained that he would be notified of the outcome of the investigation in writing, and that if credible evidence of abuse were found, the report would be marked "indicated" and remain in the State Central Register and local register. (Id. at Ex. B.) The letter further advised plaintiff that if he believed that the report was inaccurate, he had 90 days to request that the Commissioner of the New York State Office of Children and Family Services amend the record. Id.

Approximately one month later, plaintiff was notified by letter that the investigation was complete and his report had been marked "indicated." (Id. at ¶ 12; Benson Decl. at Ex. B.) He was again advised that he had 90 days within which to request an amendment. (Id.) The letter also explained that a request to amend would result in "a complete review of the record and the factors upon which the 'indicated' determination was made," and that if his request to amend was denied, he would be notified of a hearing date. (Benson Decl. at Ex. B.) Plaintiff acknowledges that he received notice of the procedure to challenge the report's findings. (Amended Compl. at ¶ 12.) Nonetheless, he did not request amendment because he "inquired from sources

2

familiar with such procedure and came to a conclusion that it would be a waste of his time since the agency rarely change [sic] the result of their so-called findings." (Id.)

**Discussion**

Accepting as true all of the allegations plaintiff set forth in the amended complaint, drawing all inferences in his favor, and considering the documents attached to the pleadings or incorporated by reference, see Fed. R. Civ. Proc. 10(c), plaintiff has failed to state any claim against defendant for deprivation of his constitutional rights. Accordingly, defendant's motion to dismiss must be granted. See Fed. R. Civ. Proc. 12(b)(6).

To maintain a § 1983 action, plaintiff must allege that he was deprived of his federal civil rights by a person acting under color of state law. 42 U.S.C. § 1983. It is clear, however, based on plaintiff's own rendition of the facts, that his children were not removed from his home by any New York City agency. Rather, Ms. Sutherland took the children with her to a domestic violence shelter. Thus, plaintiff fails to state a claim against defendant for the removal of his children.

Plaintiff's claim that he was denied due process because he was never afforded a hearing to respond to Ms. Sutherland's allegations of abuse also fails. Again, the facts as alleged by plaintiff, including the notification letters he refers to and does not dispute receiving, make clear that he elected not to pursue the administrative remedies that were available to him to challenge the report. Although he claims to have "looked forward for his day of some form of hearing," he failed to take the steps that would have afforded him one. (Amended Compl. at ¶ 12.) Had he made a request to amend the "indicated"

3

report, and had his request been denied, he would have been afforded a hearing. See N.Y. Soc. Serv. Law §§ 422(8)(a) & (b).

Plaintiff also asserts that New York City agencies violated his equal protection rights because they credited Ms. Sutherland's allegations of abuse based on her gender in order to deny him custody of his children. Again, New York City agencies played no role in removing plaintiff's children. Moreover, his pleadings are completely devoid of any facts supporting his claim that her abuse charges were accepted as true without question because she is a woman while he was denied the opportunity to challenge them because he is a man. Accordingly, his allegations cannot survive a motion to dismiss. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face," and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Finally, under the long-settled "domestic relations exception," federal courts do not have jurisdiction to decide child custody matters. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (citing Barber v. Barber, 62 U.S. 582 (1859)); see also Varricchio v. County of Nassau, 702 F. Supp. 2d 40, 38 (E.D.N.Y. 2010). The custody dispute at the core of this action is a matter for the state courts.

## Conclusion

Defendant's motion to dismiss is granted, and the complaint is dismissed with prejudice. Further leave to amend will not be granted. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in*

*forma pauperis* status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 16, 2011

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge